1

The relief described hereinbelow is SO ORDERED.

Signed September 20, 2011.



_____
Ronald B. King
United States Chief Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | |
| SOUTHWEST PACKAGING I, INC. | } | CASE NO. 10-54515 |
| | } | |
| | } | |
| DEBTOR | } | CHAPTER 7 |

ORDER APPROVING TRUSTEE'S MOTION TO SELL REAL PROPERTY,
OR ANY INTEREST THEREOF, LOCATED AT 10511 WETMORE ROAD, SAN
ANTONIO, TEXAS
**Free and Clear of All Liens and Interests**

On the 15th day of September, came on to be considered by the United States Bankruptcy Judge Presiding, the Chapter 7 Trustee's Motion to Sell Real Property described as follows:

NCB 12064 BLK LOT NE TRI 5.51 FT OF 16 & NE IRR 13.34 FT OF 17 (ST ROW)
NCB 12064 BLK LOT 16 EXC NE TRI 5.51 FT
(NCB 12064 BLK LOT 17 EXC NE IRR 13.34 FT)

ORDER TO SELL-Southwest6  9 15 11 (City comments 9-19-11) doc

2

The following parties appeared:
Johnny W. Thomas, Trustee, appeared on his own behalf;
IRG Venture, LLC, the winning bidder, by and through its counsel, Steve Sommers;
Alamo One, Inc., a bidder for the assets made the subject of this motion, by and through its counsel, D. Wade Hayden;
City of San Antonio, by and through its counsel, Michael Parker and
Stephen Karbelk, auctioneer for the Estate of Southwest Contract Packaging I, Inc.

After reviewing the Motion, the other pleadings and arguments of counsel, the Court hereby finds:

1. The notice of the Motion was good and proper in all respects. All parties entitled to notice of the Motion received notice of the date, time and place of the hearing on the Motion. All interested bidders and creditors were present at the hearing on the Motion.

2. A reasonable opportunity to object and be heard regarding the requested relief in the Motion was afforded to all interested parties and entities.

3. This Court has jurisdiction over the subject matter of the Motion pursuant to 11 U.S.C.§363, 28 U.S.C. §1334(b) and the order of reference of the District Court.

4. This matter is a core proceeding pursuant to 28 U.S.C§157 (b)(1), (b)(2)(A), and (b)(2)(N).

5. Venue in this Court is proper pursuant to 28 U.S.C§1408 and 1412.

6. On the 19th day of July, 2011, this Court entered its Order Approving Bidding Procedures and Form of Sale Agreement for Sale of Real Property, or Any Interest Thereof, Located at 10511 Wetmore Road, San Antonio, Texas by Sealed Bid Auction and to Authorize Payment to Auctioneer from Sales Proceeds (hereinafter the "Bid Procedure Order").

7. Pursuant to the terms of the Bid Procedure Order, all bids were to be submitted in writing to the Trustee on or before 3:00 o'clock p.m. on Saturday, September 10, 2011. The Trustee extended this deadline to September 14, 2011 pursuant to the Bid Procedure Order.

8. The Trustee was required to rank the bids, select a 'winning' bidder and notify each of the qualifying bidders by Wednesday, September 14, 2011, of the selected 'winning' bidder.

3

9. The qualifying, but nonconforming, bidders were:
A. IRG Ventures, LLC
B. Alamo One, Inc.

10. The Trustee duly and timely notified the qualifying bidders of the 'winning' bid, as defined in the Bid Procedure Order.

11. The Trustee is the true and lawful owner of the assets made the subject of the Motion.

12. The offer of IRG Ventures, LLC, to purchase the assets made the subject of the Motion is the best offer received by the estate.

13. The consideration to be paid by IRG Ventures, LLC is fair and constitutes reasonably equivalent value and reasonable market value of the assets made the subject of the Motion under the terms of the Bankruptcy Code and other applicable law.

14. IRG Ventures, LLC, is a good faith Purchaser, as that term is used in 11 U.S.C.§363(m) and, as such, is entitled to the protections afforded thereby. No party in interest has engaged in any conduct that could cause or permit the offer of IRG Ventures, LLC, or the transaction contemplated there under (including the sale of the assets made the subject of the Motion) to be violated under 11 U.S.C. §363(n).

15. The IRG Ventures, LLC, bid was proposed, negotiated, and entered into by and between the Trustee and IRG Ventures, LLC, in good faith, from arm's length bargaining positions and without collusion or manipulation.

16. The Trustee and IRG Ventures, LLC, have, at all times, acted in good faith and in accordance with applicable law within the meaning of 11 U.S.C. §363(m).

17. The bid or IRG Ventures, LLC, and the bid of Alamo One, Inc., are found to have been in *pari causa*.

18. Upon the execution of this Order, Johnny W. Thomas, the Chapter 7 Trustee, shall be authorized and is hereby directed to execute and deliver such documents as may be reasonably required to consummate the sale of the assets made the subject of the Motion.

19. The Trustee has set forth sound business reasons for sale of the assets made the subject of the Motion. It is a reasonable exercise of the

4

Trustee's business judgment to consummate the sale with IRG Ventures, Inc. The sale to IRG Ventures, LLC, of the assets made the subject of the Motion, has resulted in the best price for the assets being paid to the estate.

20. The sale of the assets made the subject of the Motion to IRG Ventures, LLC, for the sums stated in the IRG Ventures, LLC, bid is fair and reasonable and the sale of the assets to IRG Ventures, LLC, is in the best interest of the estate, the creditors and the Chapter 7 Debtor.

21. The transfer of the assets made the subject of the Motion on the terms, conditions, and provisions set forth herein is or will be valid, legal, and effective transfer of the assets made the subject of the Motion, and will vest IRG Ventures, LLC, with all right, title and interest in and to those assets, free and clear of all liens, claims, encumbrances and interests, except as reserved herein.

.
22. All provisions of this Order are non-severable and mutually dependent.

23. The requirements of 11 U.S.C. §363 and all other applicable law relating to the sale of the assets made the subject of the Motion have been satisfied.

The Real Property is to be sold to IRG VENTURES, LLC, A Colorado Limited Liability Company, International Risk Group, LLC, International Risk Group, 7991 Shaffer Pkwy, Ste 100, Littleton, Colorado, Attn. Dwight Stenseth for $165,000, or $275,000.00 as outlined in the attached Sale Agreement. If the sale to IRG VENTURES, LLC, does not close in 120 days from the date of this Order, the property shall be sold to: ALAMO ONE INC. and/or assigns for $250,000.00 as outlined in the attached Sale Agreement from Alamo One, except the Purchaser will be responsible for bringing any abandoned and/or deteriorated well into compliance within 90 days of closing of the sale. Portions of the attached Sale Agreements are null and void where in contravention of this order. The Court finds that notice is proper and that no objections were made by any party of interest and no adverse interest being represented it is, therefore,

ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 363(c) and (f) of the Bankruptcy Code, this sale is made free and clear of any and all liens, claims, or encumbrances of any kind, valid and invalid, except as set forth herein. Upon sale of the Property and the Trustee being paid the purchase prices from the Purchaser, all liens are deemed released as to the Property, as herein set forth, and only those liens of claimants who have filed responses to the Trustee's Motion prior to this Order and whose lien claims

5

are allowed shall attach to the net proceeds of the sale and shall, under no circumstances, ever revert to the Property itself.

IT IS FURTHER ORDERED that notwithstanding anything to the contrary in any purchase or sale agreement or this order approving sale under 11 U.S.C. § 363, nothing in this order or any purchase or sale agreement (i) releases or nullifies any liability to the Texas Commission on Environmental Quality (TCEQ) or Edwards Aquifer Authority (EAA), or the City of San Antonio ("City") under statutes or regulations to which that entity would be subject as the owner or operator of the property after the date of entry of this Order, just as if this sale had taken place outside bankruptcy, or (ii) impairs or restricts the TCEQ's, the EAA's, or the City's ability to pursue all of its rights and remedies in state court against any entity which is the owner or operator of the property after the date of entry of this Order, and

IT IS FURTHER ORDERED THAT neither Purchaser nor any proposed assignee of Purchaser shall be allowed to close on the purchase of the Property without first obtaining the consent of the City of San Antonio and the Texas Commission on Environmental Quality, or an order of the Court definitively determining that the actual entity taking title to the Property has both (i) the capacity and expertise to remediate the Property and the adjacent airport property owned by the City of San Antonio ("Airport Property") as required by the TCEQ's VCP and (ii) adequate unencumbered capital to perform the remediation of the Property and Airport Property.

IT IS FURTHER ORDERED that Trustee is authorized to execute the documents necessary to sell the property described above, and to pay the real estate broker's or auctioneer commission and expenses from the gross sales proceeds at the time of closing without further Order from this Court and as provided by previous orders of this Court.

###

RETURN COPY TO:

JOHNNY W. THOMAS
Chapter 7 Trustee
1153 E. Commerce
San Antonio, TX 78205
(210) 226-5888
Fax: (210) 226-6085

ORDER TO SELL-Southwest6  9 15 11 (City comments 9-19-11) doc